**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 91-7117
(Summary Calendar)

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

BENJAMIN J. SHIPLEY, JR.,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

(May 29, 1992)

Before JONES, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:

In this sentencing guideline case, we consider the propriety of the sentencing court's refusal to reduce the Defendant's offense level by two as required by U.S.S.G. § 3E1.1(a) (Nov. 1990) for recognition and acceptance of personal responsibility for his criminal conduct. Here, the defendant clearly admitted and

accepted full responsibility for the crime of conviction--bank robbery in violation of 18 U.S.C. § 2113(A)--unconditionally acknowledging that he committed each element of the crime during the course of the offense. He denied, however, that his was a leadership role--itself not a crime of conviction but related conduct addressed as a sentence enhancing provision in the guidelines. We thus consider the question whether a defendant's denial of such sentence enhancing behavior taints an otherwise complete and unequivocal acceptance of personal responsibility for the crime of conviction, as a result of which the defendant is ineligible for the mandatory offense level reduction for acceptance of responsibility. Finding that it does, we agree with the district court's denial of Shipley's reduction for acceptance of responsibility, and affirm the sentence imposed by the court.

I

FACTS AND PROCEEDINGS

After entering a bank in Dallas, Texas, handing a teller a note stating that an armed robbery was in progress, and demanding money from her teller's drawer, Defendant-Appellant Benjamin Shipley left the bank with $2,589, including some "bait bills" which bore previously recorded serial numbers. A surveillance camera in the bank photographed Shipley committing the robbery. Outside, Shipley got into the back seat of a car driven by co-Defendant Dennis Restle. The front seat of the getaway car was occupied by another co-Defendant, Allen Miller. Within minutes of the robbery, the getaway car was spotted and stopped by law

2

enforcement agents.  Identifiable bait bills were found in the car.

During the presentence investigation the probation officer was told by Shipley that he committed the bank robbery.  He implied that Restle was the unofficial leader of the group who had persuaded Shipley to come to Dallas and rob a bank.  Shipley's co-Defendants, however, claimed that Shipley was the planner and leader.

In the presentence report (PSR) the investigating probation officer recommended no downward adjustment to Shipley's base level offense for acceptance of responsibility.  After Shipley objected, the probation officer acknowledged that Shipley had admitted the robbery but had claimed he was only "going along" with the other members of the group.  The district court resolved the objection against Shipley, implicitly choosing to credit his two co-Defendants regarding Shipley's leadership role.

II

ANALYSIS

Our review of a sentence under the guidelines is "confined to determining whether a sentence was `imposed in violation of law' or `as a result of an incorrect application of the sentencing guidelines.'"  United States v. Nevarez-Arreola, 855 F.2d 243, 245 (5th Cir. 1989) (citing 18 U.S.C. § 3742(e)).  We affirm applications of the guidelines when they are based on factual findings that are not clearly erroneous.  Id.  "A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole."  United States v. Sanders, 942 F.2d 894,

897 (5th Cir. 1991).

Under U.S.S.G. § 3E1.1(a) (Nov. 1990) a sentencing court must reduce the offense level by two if the Defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct. See Nevarez-Arreola, 885 F.2d at 245-46. The mere entry of a guilty plea, however, does not entitle a defendant to a sentencing reduction for acceptance of responsibility as a matter of right. § 3E1.1(b). "Entry of a guilty plea prior to commencement of trial combined with a truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility." § 3E1.1, Application Note 3 (Nov. 1990) (emphasis added). "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." Id.

Determination by the district court whether the Defendant has accepted responsibility is entitled to even greater deference on review than that accorded under a simple "clearly erroneous" standard. Nevarez-Arreola, 885 F.2d at 245. "This is so because the sentencing judge is in a unique position to evaluate whether the defendant has indeed accepted responsibility." Id.

Facially, the instant case appears to illustrate a blurring of two guidelines provisions: reduction of offense level for acceptance of responsibility and enhancement of offense level for a leadership role. A careful analysis dispels that appearance. "[B]efore a defendant is entitled to reduction for acceptance of

4

responsibility, he must first accept responsibility for <u>all</u> of his relevant criminal conduct." <u>United States v. Mourning</u>, 914 F.2d 699, 705 (5th Cir. 1990) (statutorily overruled in part on another issue) (emphasis added). In <u>Mourning</u> the district court declined to award a 2-level reduction for acceptance of responsibility. <u>Id.</u> The PSR indicated that Mourning "sought to minimize his role in the drug trafficking and conspiracy activities by `characterizing himself as a peripheral observer or minimal participant.'" <u>Id.</u> The PSR concluded, based on the DEA's investigation and the district court's findings in connection with Mourning's motion to suppress, that Mourning "took the lead" in negotiations related to the conspiracy. <u>Id.</u>

The proposition implicit in <u>Mourning</u> is that a defendant who is found to have had a leadership role in the offense does not fully accept responsibility for purposes of § 3E1.1 if, despite his admission of all elements of the offense of conviction, he nevertheless attempts to minimize his leadership role. This proposition finds support in the Ninth Circuit. <u>See</u> <u>United States v. Sanchez</u>, 908 F.2d 1443, 1450-51 (9th Cir. 1990).

Both <u>Mourning</u> and <u>Sanchez</u> are similar to the instant case. Shipley's refusal to acknowledge responsibility for all of his relevant conduct, including his leadership role in the bank robbery, relieves the district court of the obligation to award a 2-level reduction for acceptance of responsibility.

Shipley claims that the district court abused its discretion in denying him a reduction for acceptance of responsibility "solely

5

on the basis of extra judicial [sic] assertions by co-defendants with a significant interest in lowering _their_ level of criminal responsibility." There is no indication in the record, however, that the district court relied solely on the assertions of the co-defendants; there was also Shipley's own attempts to shift some of the blame to Restle.

Moreover, the district court is allowed to rely on information contained in the PSR in making factual sentencing determinations "so long as the information has `some minimum indicium of reliability.'" United States v. Vela, 927 F.2d 197, 201 (5th Cir.), _cert_. _denied_, 112 S.Ct. 214 (1991) (quoting United States v. Vonsteen, 910 F.2d 187, 190 (5th Cir. 1990)). Shipley bore the responsibility for demonstrating that the information on which the district court relied was materially untrue. Id. Assuming for the sake of argument that the district court had relied solely on assertions of the co-defendants, Shipley still has not demonstrated that those assertions were materially untrue. His own coyness and lack of candor demonstrate an inadequate acceptance of responsibility.

For purposes of comparing acceptance of responsibility and leadership role, it is important to observe the temporal relationships of those guideline provisions. A clear reading of § 3B1.1, the guideline provision regulating adjustments to the base offense level for the defendant's role in the offense, demonstrates that such an adjustment is based on evidence of the defendant's role _during_ the commission of the offense and his related conduct.

6

See esp. § 3B1.1, Introductory Commentary. On the other hand, such a reading of § 3E1.1, the guideline provision regulating adjustments for acceptance of responsibility, is concerned with the defendant's post-offense acknowledgment of his conduct during the commission of the crime. Once evidence with the required "indicium of reliability" is introduced in connection with sentencing to suggest that the defendant was a leader in the offense, the defendant must either acknowledge such role or demonstrate that the information on which the district court relied was untrue. United States v. Vela, 927 F.2d 197, 201. Here, the district court made the permissible credibility decision to believe Shipley's co-defendants' statements and found that Shipley was probably "more culpable" than his co-defendants. This finding of fact was not clearly erroneous because it was "plausible in light of the record read as a whole." United States v. Sanders, 942 F.2d 894, 897. The district court was entitled to consider that fact among those relevant to Shipley's acceptance of responsibility.

## III

## CONCLUSION

The district court was not clearly erroneous in crediting Shipley's co-Defendants to find that Shipley's role in the bank robbery was greater than that of a mere follower, as he insisted. Even though leadership role in the offense of conviction is covered in a different section of the guidelines than is acceptance of responsibility for committing that crime, such a role is conduct related to the offense and thus proper grist for the "acceptance of

7

responsibility" mill.  The sentencing court committed no reversible error in denying the otherwise mandatory 2-level reduction for acceptance of responsibility in light of Shipley's unrelenting denial of the role that the district court found he played in the bank robbery.  Therefore, the sentence imposed by the district court is

AFFIRMED.

8