IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20604
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR CRUZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-512-4
- - - - - - - - - -
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Victor Cruz appeals his sentence for his guilty-plea conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

Cruz argues that the district court clearly erred in determining the amount of cocaine attributable to him for sentencing purposes. Cruz's primary contention is that court improperly relied on codefendant Raul Valdez's statement, as

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

related in Cruz's Presentence Report ("PSR"), that he was involved not only with 84.96 kilograms of cocaine during a December 2, 1998, controlled delivery but also with previous deliveries of 15, 20, and 40 kilograms. Although Cruz contends that Valdez actually stated that the third of these three previous deliveries involved "30 to 40" kilograms, he offered no evidence at sentencing to refute the PSR statement. The district court was entitled to rely on the PSR version of Valdez's statement. See United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992) (statements in PSR normally bear "sufficient indicia of reliability" for sentencing purposes); United States v. Morrow, 177 F.3d 272, 304 (5th Cir.) (unsworn declarations by defendant are not sufficient to refute PSR information that bears sufficient indicia of reliability), cert. denied, 120 S. Ct. 333 (1999). The district court's determination was not clearly erroneous. See United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997).

AFFIRMED.