IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20326
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY CHARLES RICHARD,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(H-00-CR-785-1)
- - - - - - - - - -
January 4, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tony Charles Richard appeals his sentence, following a guilty plea, for two counts of unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a). Richard contends that the district court erred in departing upwardly under the Sentencing Guidelines and imposing a prison term of 54 months, when the Probation Office had calculated a guideline imprisonment range of 30 to 37 months.

The district court did not abuse its discretion in upwardly departing from the applicable guideline range. United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Ashburn</u>, 38 F.3d 803, 807 (5th Cir. 1994) (en banc). In concluding that Richard's criminal history category did not adequately reflect the seriousness of his past criminal conduct, the court was entitled to rely on Richard's prior arrests for unadjudicated offenses, as detailed in Richard's Presentence Report ("PSR"). <u>See</u> U.S.S.G. § 4A1.3. Relying on PSR information that Richard has not shown to be "materially untrue," the court determined that Richard had attempted to avoid prosecution for these acts. <u>See</u> <u>United States v. Shipley</u>, 963 F.2d 56, 59 (5th Cir. 1992); U.S.S.G. § 6A1.3. The court also concluded that recidivism was likely, based on Richard's having been charged with and convicted of repeated offenses involving currency theft and credit cards, offenses that are similar to his crimes of conviction in the instant case. <u>See</u> <u>United States v. Harrington</u>, 114 F.3d 517, 519-20 (5th Cir. 1999).

AFFIRMED.