United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51298
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

LARRY LAMAR EVANS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-19-1
--------------------

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Larry Lamar Evans of possession with intent to distribute crack cocaine within 1,000 feet of a school, possession of a firearm (namely, a 9mm machine gun) in furtherance of a drug trafficking crime, and two counts of being a felon in possession of a firearm. The district court sentenced Evans to 120 months of imprisonment and three years of supervised release on the felon-in-possession charges, 292 months of imprisonment and a six-year term of supervised release on the drug trafficking offense, and 360 months of imprisonment and a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three-year term of supervised release on the charge of possessing a firearm in furtherance of a drug trafficking crime. The district court also imposed a $1,000 fine on each of the four counts of conviction.

Evans argues that the evidence at trial was insufficient to support his conviction for possession of a firearm in furtherance of a drug trafficking offense. Evans illegally possessed a 9mm machine gun that was in an unlocked bag along with a loaded magazine and extra hollow point bullets. The firearm was easily accessible on a closet shelf located approximately 12 to 13 feet away from the crack cocaine and cash found in Evans' home. The gun was discovered during a search of Evans' home incident to an ongoing drug investigation. Further, there was testimony at trial that Evans took the machine gun with him on drug runs and intended to exchange the machine gun for more narcotics. Viewing this evidence in the light most favorable to the Government, as we must, see United States v. Gourley, 168 F.3d 165, 168-69 (5th Cir. 1999), we hold that the evidence was sufficient to show that the machine gun was possessed in furtherance of a drug trafficking offense. See United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000).

Evans challenges the district court's instruction that the element of being a felon had been proven by Evans's stipulation. The stipulation relieved the Government of its burden to prove that Evans was a felon at the time he possessed the firearms in

question.  See United States v. Branch, 46 F.3d 440, 442 (5th Cir. 1995).  Accordingly, the district court did not err in instructing the jury in this regard.  See United States v. Pompa, 434 F.3d 800, 805 (5th Cir. 2005).

Evans also contends that the district court relied on a trial witness's unreliable trial testimony in determining the quantity of drugs attributable to him as relevant conduct.  That witness's testimony was corroborated by other evidence adduced at trial.  The district court did not clearly err in determining drug quantity.  See United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005); United States v. Shipley, 963 F.2d 56, 58 (5th Cir. 1992).  Evans has not carried his burden of showing that the witness's statements were materially untrue and, thus, unreliable.  See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.