United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41110
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL BREWER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CR-34-2
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Paul Brewer appeals his jury conviction
and sentence for conspiracy to possess with intent to distribute
more than 50 grams of cocaine base in violation of 21 U.S.C. §§
841(a)(1) and 846.  Brewer contends that the district court abused
its discretion when it allowed the government to present evidence
of other crimes, wrongs, or bad acts unrelated to the charged
offense.

The indictment specifically alleged that on or about February
19, 2003, Brewer, Tremaine D. Richardson, and Marcus L. Sims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspired with each other, Marcus D. Campbell, Julian L. Block, Jr., Bobby Ray Jones, Tony B. Nelson, and others to possess with intent to distribute more than 50 grams of cocaine base. At trial, Kerese Cooper testified that he saw Brewer in possession of cocaine or crack cocaine while "hang[ing] out" with Brewer and Richardson at Brewer's house six to seven weeks before November 15, 2002. This evidence established the connection between Cooper, Richardson, and Brewer and provided the jury with necessary background information regarding their relationship as co-conspirators. Therefore, the evidence was intrinsic to the charged conspiracy and not subject to the requirements of FED. R. EVID. 404(b). See United States v. Miranda, 248 F.3d 434, 440-41 (5th Cir. 2001).

Brewer also contends that the district court clearly erred when it sentenced him based on the court's incorrect recollection of the evidence. Further, Brewer contends that the district court's determination as to the quantity of drugs attributable to him was based on evidence that lacked sufficient indicia of reliability.

According to Campbell's and Block's trial testimony and statements to law enforcement officers set forth in the presentence report, Brewer delivered approximately 453.6 grams of cocaine base to Magnolia, Arkansas, on February 19, 2003. This evidence has sufficient indicia of reliability to support its probable accuracy, and Brewer has not demonstrated that the evidence is materially

2

untrue.  See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996).  Therefore, the district court's determination that Brewer was responsible for 453.6 grams of cocaine base was plausible in light of the record read as a whole, and Brewer has not shown clear error.  See United States v. Shipley, 963 F.2d 56, 58 (5th Cir. 1992).

Finally, Brewer contends that to determine the statutory minimum sentence under § 841(b)(1), the district court must determine the quantity of drugs personally attributable to the defendant.  As the district court did not clearly err in determining that Brewer was personally responsible for 453.6 grams of cocaine base, Brewer's argument is unavailing.

Accordingly, the district court's judgment is AFFIRMED.