# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-11332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENNETH WAYNE WALKER, JR,
also known as Li'l Crazy,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
4:06-CR-79-3

Before GARWOOD, GARZA and OWEN, Circuit Judges.

PER CURIAM:[*]

Kenneth Wayne Walker appeals his sentence following his guilty plea conviction for distribution of 1.51 grams of crack cocaine. The district court in November 2006 sentenced Walker to 240 months in prison largely based on the presentence report (PSR) calculation of the advisory guideline sentencing range of 292-365 months, capped at the statutory maximum of 240 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Walker argues that the district court erred by adopting the PSR's drug quantity finding because the only basis for the amount of crack cocaine attributed to him was hearsay information provided by codefendants. Walker contends that the hearsay information did not bear a sufficient indicia of reliability because it was uncorroborated and contradictory. Walker also asserts that his codefendants had a motive to lie in their statements to the Government and that, therefore, the information they provided is unreliable.

After United States v. Booker, 543 U.S. 220 (2005), this court continues to review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 & n.9 (5th Cir. 2005). A district court's calculation of the quantity of drugs involved in an offense is a factual finding that is entitled to considerable deference and will be reversed only if clearly erroneous. See United States v. Betancourt, 442 F.3d 240, 246 (5th Cir. 2005). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. Id.

In making factual findings, the district judge may consider any information that has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s.: Betancourt, 442 F.3d at 247. "[A] district court may adopt the facts contained in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." United States v. Cabrera, 288 F.3d 163, 173-74 (5th Cir. 2002).

While Walker's PSR is based primarily on the hearsay of codefendants, a district court may consider hearsay evidence to make factual findings at sentencing. See United States v. Valdez, 453 F.3d 252, 266-67 (5th Cir.), cert. denied, 127 S.Ct. 456 (2006). Furthermore, the court may rely on information provided by codefendants provided the information bears the minimum indicia

of reliability. See United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992). In the instant case, the codefendants' statements corroborated one another and the information the codefendants provided was consistent with the drug trafficking activities observed, and testified to, by law enforcement. Furthermore, any inconsistencies in the codefendants' statements about the extent and duration of Walker's drug trafficking do not undermine the reliability of the PSR's quantity determination. United States v. Davis, 76 F.3d 82, 85 (5th Cir. 1996) (finding that the district court "was free to evaluate" the conflicting testimony of a witness regarding the number of times he bought drugs from the defendant). The district court concluded that Walker's codefendants provided credible and reliable information and we defer to the district court's credibility determinations. See United States v. Ocana, 204 F.3d 585, 593 (5th Cir. 2000).

Furthermore, although Walker contends that the information contained in the PSR is unreliable, he failed (except as noted below) to present any rebuttal evidence to contradict the PSR's drug-quantity determinations. Therefore, Walker has not demonstrated that the PSR's attribution to him of approximately one kilogram of crack cocaine was incorrect or based on materially untrue information. United States v. Valencia, 44 F.3d 269, 274 (5th Cir. 1995) ("The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue."). Consequently, he cannot show that the court's adoption of the PSR's drug quantity information was clearly erroneous.

It was stipulated in open court at the sentencing hearing that beginning sometime in June 2005 (following the June 13, 2005 sale alleged in the indictment) Walker was "in jail" for a period of "up to 45 days." Walker argues that this renders unreliable the PSR's calculation for relevant conduct purposes of 1.08 kilograms of crack cocaine having been sold by Walker during the some 36 weeks from March to November 2005, based on an assumed 30 grams per

week. No reversible error is shown. The district court was plainly aware of the stipulation and had before it sufficient evidence to conclude that Walker was selling at a rate at least as high as approximately 40 grams a week. In any event, even if it is assumed that Walker sold only at a rate of 30 grams a week for only 29 weeks (and that he was in jail a full 45 days), for a total of 870 grams, it clearly would have made no difference in his sentence or the appropriate advisory guideline range. The PSR calculated Walker's base offense level under U.S.S.G. § 2D1.1(c)(2), which provides for a base offense level of 36 for at least 500 grams but less than 1.5 kilograms of cocaine base. The same base offense level would be applicable whether the quantity was 870 grams (or 500 grams) or 1.08 kilograms, and the same advisory guideline range would have applied. The PSR ultimately calculated an advisory guideline range of 292 to 365 months,[1] but the statutory maximum sentence of 240 months (21 U.S.C. § 841(b)(1)(c)) being lower, 240 months became the advisory guideline sentence. U.S.S.G. § 5G1.1(a).

AFFIRMED.

---

[1] Based on a criminal history category III, a 2 level obstruction of justice adjustment and denial of an acceptance of responsibility adjustment, none of which Walker has challenged on appeal.