IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-50204

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTONIO PEREZ, III

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-150-ALL

Before JONES, Chief Judge, and GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:*

Antonio Perez III pleaded guilty to interstate transportation of child pornography after he used his computer in Texas to send video clips to the email address of his ex-girlfriend's minor sister in California. He appeals his sentence of 240 months' imprisonment, contending that the district court erred when it enhanced his sentence after deciding that materials he had transported portrayed sadistic conduct or other depictions of violence. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The video materials that Perez electronically transported to the minor sister showed his ex-girlfriend, Ms. Bradley, sexually abusing her two-year-old son in different ways. After Perez was arrested, investigators found over 3,600 additional pornographic images on his computer. Some of those additional images were portrayals of sadistic conduct or other depictions of violence, namely, depictions of adult males sexually penetrating children. According to the PSR, which the district court adopted despite Perez's attempt to rebut it by testifying, Perez had electronically transmitted some of the additional images from Texas to Bradley in California to lure her into producing pornographic images of children for his enjoyment. At Perez's request, Bradley then recorded videos in which she had sex with her infant son; Perez sent some of those images to her minor sister after Bradley left him.

A district court may rely on information contained in a presentence report ("PSR") in making factual determinations with regard to a sentence "so long as the information has some indicium of reliability." United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992) (citations and quotations omitted). The defendant bears the burden of showing by credible rebuttal evidence that the PSR is inaccurate. United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995). The district court implicitly rejected Perez's denials when it adopted the PSR over his objections. See United States v. Richardson, 998 F.2d 1014 (5th Cir. 1993) (unpublished opinion). The district court was not required to accept Perez's self-serving declarations, made with the purpose of reducing his sentence, about the circumstances of his crime. See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

We conclude that Perez's electronic transportation to Bradley of the additional images involving adult men sexually abusing children constituted relevant conduct within the meaning of Sentencing Guidelines § 2G2.2(b)(4). See United States v. Buchanan, 485 F.3d 274, 286–87 (5th Cir. 2007); United States

v. Lyckman, 235 F.3d 234, 239–40 (5th Cir. 2000). Consequently, Perez's sentence was properly enhanced because of those images.

The judgment of the district court is AFFIRMED.