# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-50589
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JANNETH ADRIANA SILVA-DIAZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2363-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Janneth Adriana Silva-Diaz was convicted, on her guilty plea, of violating 21 U.S.C. §§ 952(a) and 960(a)(1) by importing a quantity of a substance containing a detectable amount of marijuana into the United States from Mexico and of violating 21 U.S.C. §§ 841(a)(1) by possessing with intent to distribute a quantity of a substance containing a detectable amount of marijuana. She appeals her two concurrent 30-month terms of imprisonment. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

While acknowledging that her sentence was within the properly calculated advisory guidelines range, Silva-Diaz contends that her sentence is unreasonable and greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a). She first argues that the district court did not take proper account of § 3553(a)(2)(C), which stipulates that a sentence reflect the need to protect the public from further crimes of the defendant. In her view, the district court failed to recognize that she poses no danger to the community. Claiming that her risk of recidivism is low, Silva-Diaz next argues that the court did not take proper account of § 3553(a)(2)(B), which stipulates that a sentence afford adequate deterrence to criminal conduct. Third, she argues that her sentence did not comport with § 3553(a)(2)(A)'s requirement that the sentence fit the crime; she asserts that a sentence of 24 months would have been adequate.

This court reviews a sentence within a properly calculated guideline range for reasonableness. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). In reviewing for reasonableness, an appellate court "merely asks whether the trial court abused its discretion." Rita v. United States, 127 S. Ct. 2456, 2462-63 (2007). A district court's sentencing decision is entitled to great deference. Gall v. United States, 128 S. Ct. 586, 597-98 (2007) (fact that appellate court might reasonably impose different sentence is insufficient justification for reversal of district court).

Our review of the record does not reveal that the district court failed to address or improperly balanced the sentencing factors set forth in § 3553(a). Moreover, when a sentence is within a properly calculated guidelines range, this court infers that the district court considered all of the guidelines factors. United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006).

Silva-Diaz's extensive history of smuggling, recounted in the presentence investigation report (PSR) and not disputed by Silva-Diaz, became a part of her "history and characteristics" and was a proper subject of consideration under § 3553(a). A sentencing court may rely on information in the PSR in making

factual determinations with regard to a sentence if that information has any indicium of reliability. United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992). In the absence of credible rebuttal evidence from the defendant, the sentencing court may adopt the PSR as its own. United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995). In addition to acknowledging her crime of conviction, Silva-Diaz told investigating authorities about 10 discrete incidents in which she smuggled illicit narcotics into the United States prior to the incident for which she was arrested. Her admission that she had repeatedly engaged in criminal activity refutes her contention that the crime of which she was convicted was atypical of her life and casts significant doubt on her contention that she poses no danger to society.

AFFIRMED.