**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-50596
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL ANTHONY MARTINEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-175-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Martinez appeals the 120-month sentence imposed following his guilty plea conviction for possession with intent to distribute methamphetamine. He argues that the district court's determination of the amount of methamphetamine attributable to him was clearly erroneous because it was not based on information having a sufficient indicia of reliability. A district court's determination of the amount of drugs for which a defendant should be held responsible is a factual finding reviewed for clear error. *United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Posada-Rios*, 158 F.3d 832, 878 (5th Cir. 1998). There is no clear error if the district court's finding is plausible in light of the record as a whole. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

This court recognizes that a district court may consider estimates in determining drug quantity for sentencing purposes, provided that the estimates are reasonable and based on reliable evidence. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). In arriving at a drug quantity, the district court may rely upon information provided by codefendants and other witnesses, provided the information bears the minimum indicia of reliability. *See United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996)*; United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992).

Here, the district court heard testimony from a witness that supported its finding that Martinez was responsible for 350 to 500 grams of methamphetamine. Although the witness may have been unsure of the exact quantities and dates of every transaction, it was not necessary that any witness testify to the exact drug quantity found by the district court because the district court was allowed to estimate the drug quantity. *See* U.S.S.G. § 2D1.1, comment. (n.12). Moreover, the fact that a witness's testimony regarding drug quantity is "somewhat imprecise," does not preclude reliance on that testimony for sentencing purposes. *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). Because the evidence relied on by the district court had a sufficient indicia of reliability, and because the district court's factual finding regarding the amount of drugs attributable to Martinez is plausible in light of the record as a whole, *see Betancourt*, 422 F.3d at 246, the judgment of the district court is AFFIRMED.