**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-20805
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SUPANEE MORRIS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-164-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Supanee Morris was charged, along with a codefendant, with conspiracy to commit wire fraud and ten counts of aiding and abetting wire fraud. The indictment against Morris and her codefendant, both former employees of Continental Airlines (Continental), resulted from an investigation into the issuance of 1,011 fraudulent Continental airline tickets valued at $668,647.51. Following a jury trial, Morris was convicted of all counts alleged in the indictment. She was sentenced to 46 months of imprisonment and to three years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised release. The district court also ordered that Morris was jointly and severally liable with her codefendant to Continental for restitution in the amount of $668,647.51.

Morris challenges the district court's calculation of loss and restitution amounts. She asserts that testimony at trial indicated that some individuals were prevented by Continental from using their tickets when it was discovered that the tickets were indeed fraudulent. Morris contends that "[t]here was no evidence to show that these tickets were not sold to other passengers, or even purchased from Continental by the same passengers after they were told their original tickets were invalid." Morris thus asserts that the value of these blocked fraudulent tickets should not have been included in the loss amount because the tickets did not result in a loss to Continental.

In making factual determinations at sentencing, the district court is entitled to rely upon the information in the presentence report (PSR) as long as the information bears some indicia of reliability. *United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue. *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007). "Mere objections do not suffice as competent rebuttal evidence." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). "Furthermore, if no relevant affidavits or other evidence is submitted to rebut the information contained in the PSR, the court is free to adopt its findings without further inquiry or explanation." *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

In the instant case, Morris did not offer anything to rebut the contents of the PSR regarding the calculated loss and restitution amounts. The PSR relied on the evidence submitted at trial, specifically spreadsheets produced by Continental's fraud investigator, detailing the fraudulent tickets issued and their corresponding value to Continental. The assertion by Morris that the figure should be reduced to account for the fraudulent tickets blocked by

Continental is conclusory. She offers nothing to show that Continental was able to resell any of the blocked tickets thereby reducing the loss to less than $400,000, which would be necessary to lower Morris's guidelines range. *See* U.S.S.G. § 2B1.1(b)(1)(G). Further, Morris's argument ignores the fact that it is the "intended loss" that is relevant under § 2B1.1. *See* § 2B1.1, comment. (n.3(A)(ii)). As Morris failed to present any rebuttal evidence, the sentencing court was free to adopt the PSR's factual finding regarding the loss amount. *See United States v. Tampico*, 297 F.3d 396, 404 (5th Cir. 2002).

Given that a restitution award was legally permissible, Morris has also failed to produce anything to show that the restitution award was an abuse of the district court's discretion. *See United States v. Chaney*, 964 F.2d 437, 451 (5th Cir. 1992) As stated above, Morris has offered nothing to rebut the PSR's finding that Continental suffered a loss in the amount of $668,647.51 due to the offenses committed by Morris and her codefendant.

Accordingly, the judgment of the district court is AFFIRMED.