# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2011

Lyle W. Cayce
Clerk

No. 11-10152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNELL CHARLES SHARPLEY, also known as Ronald Charles Sharpley,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-141-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ronnell Charles Sharpley appeals his above-guidelines sentence of 78 months in prison imposed following his guilty plea to bank theft, in violation of 18 U.S.C. § 2113(b). Sharpley challenges both the procedural and substantive reasonableness of his sentence. Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for procedural error and substantive reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a), under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sharpley first contends that the district court erred in applying a two-level enhancement for obstruction of justice. The district court imposed the enhancement based on a finding that Sharpely, while on pretrial release, attempted improperly to influence codefendant Jayvon Gant's statements to law enforcement. *See* U.S.S.G. § 3C1.1, comment. (n.4(a)). As he did in the district court, Sharpley maintains that, because Gant is not credible, Gant's statement regarding Sharpley's attempt to influence his testimony could not be used to support the enhancement. Sharpley's allegations as to the credibility, or lack thereof, of Gant do not satisfy his burden of demonstrating that the information on which the district court relied is materially untrue, inaccurate, or unreliable. *See United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009). Sharpley has not shown that the district court's finding that he obstructed justice was implausible in light of the record as a whole. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

Sharpley also asserts that the district court committed reversible error by making an upward departure or variance based on its factual finding that he participated in an uncharged bank robbery. He maintains that the only evidence that he participated in the robbery was the inherently inconsistent, unreliable hearsay statements of Gant, Armon Perkins, and Kevin Williams.

Although these statements were not consistent in all respects, they were consistent on one fact, i.e., that Sharpley was involved in the bank robbery. Sharpley did not present evidence at sentencing showing that these statements were materially inaccurate or untrue. Accordingly, we find that it was proper for the district court to rely on them to find that Sharpley participated in the robbery. *See United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). Sharpley has not shown that the district court's determination that he participated in the robbery was clearly erroneous. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

AFFIRMED.