**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

No. 12-40536
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-291-2

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Romero appeals the 235-month sentence of imprisonment imposed on his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. He asserts that the district court clearly erred when it declined to assign him a mitigating role adjustment in his offense level. *See* U.S.S.G. § 3B1.2.

Whether a defendant had a mitigating role in the offense of conviction is a factual determination that we review for clear error. *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). A defendant's participation in an offense is not evaluated with reference "to the entire criminal enterprise of which [the defendant was] a part"; instead, it is evaluated in relation to the conduct for which the defendant is being held accountable. *United States v. Garcia*, 242 F.3d 593, 598, 598-99 (5th Cir. 2001). Section 3B1.2 applies only when a defendant is substantially less culpable than the average participant. *Villanueva*, 408 F.3d at 203-04. It is the defendant's burden to show that he merits a § 3B1.2 adjustment. *Garcia*, 242 F.3d at 597. In making factual determinations with regard to a sentence, a district court may rely on any information contained in the presentence report that has any indicium of reliability. *United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992).

The PSR showed that Romero and his co-conspirator delivered to a confidential informant a black suitcase containing the methamphetamine and that Romero later met with the confidential informant to discuss transporting the methamphetamine to Atlanta. Although it made no explicit credibility determinations, the district court adopted the PSR over Romero's objection, implicitly rejecting Romero's denial at rearraignment of ever touching any narcotics or of doing more than making telephone calls. *Cf. United States v. Richardson*, 998 F.2d 1014 (5th Cir. 1993) (unpublished); *see also* 5TH CIR. R. 47.5.2. The district court was not, of course, required to accept self-serving declarations by Romero, made with the purpose of reducing his sentence, about the circumstances of his crime. *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).

Romero's participation was essential, and not merely peripheral, to the advancement of the offense, *see Villanueva*, 408 F.3d at 204, and was "coextensive with the conduct for which he was held accountable." *Garcia*, 242 F.3d at 598-99. Consequently, we find no clear error in the denial of Romero's request for a mitigating role adjustment. *See Villanueva*, 408 F.3d at 203 & n.9.

AFFIRMED.