# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41267
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER FLORES, also known as Gordo,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-36-26

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Flores appeals from the sentence imposed on remand in connection with his conviction for conspiracy to distribute or possess with the intent to distribute a controlled substance. On remand, the district court imposed a sentence below the statutory minimum and within the guidelines range of 108 months of imprisonment. Flores argues that the district court committed procedural error in determining the applicable guidelines range. Specifically,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he contends that the district court clearly erred in finding that he was responsible for cocaine.  Flores asserts that he testified at the resentencing hearing that he was not involved in cocaine and that his testimony was sufficient for the court to determine that he should not be held responsible for cocaine.

We review the district court's determination of drug quantity for clear error and will affirm the finding as long as it is "plausible in light of the record as a whole." *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotation marks and citations omitted).  A district court may determine drug amounts for sentencing purposes provided the finding is based on reliable evidence, such as the presentence report.  *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998).  In arriving at a drug quantity, the court may also rely upon information provided by codefendants and other witnesses, including uncorroborated hearsay, provided the information bears the minimum indicia of reliability.  *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996); *United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992).

The district court relied on statements from cooperating codefendants and the testimony of Special Agent Kory Casler in determining that Flores was responsible for cocaine.  Though Flores denied any involvement with cocaine, the district court implicitly determined that the testimony of Special Agent Casler and the statements from the cooperating codefendants were more credible than Flores's testimony.  "Credibility determinations in sentencing hearings are peculiarly within the province of the trier-of-fact." *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996) (internal quotation marks and citation omitted).  The district court did not err in including the 300 kilograms of cocaine as relevant conduct for sentencing purposes.  *See Betancourt*, 422 F.3d at 246.

No. 15-41267

Flores also challenges the substantive reasonableness of his within-guidelines sentence. Because Flores did not object in the district court to the reasonableness of his sentence, this court's review of the substantive reasonableness of his sentence is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Flores's argument challenging his sentence as substantively unreasonable is conclusory, and he fails to rebut the presumption of reasonableness that is accorded his within-guidelines sentence; thus, he fails to establish that the court plainly erred. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.