# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11181
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESLIE MOSKOWITZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-151-16

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Leslie Moskowitz appeals the sentence imposed upon his conviction for conspiracy to possess with intent to distribute methamphetamine. He asserts that the district court erred in determining the amount of methamphetamine attributable to him under the Sentencing Guidelines. Moskowitz argues that he, at most, possessed 126 grams of methamphetamine rather than the 737.1 grams upon which his guidelines sentencing range was based. He argues that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the presentence report (PSR) and the other evidence offered in support of the quantity finding was wrong, and the only reliable evidence was his testimony regarding the amount of methamphetamine that he possessed.

We review the district court's determination of drug quantity for clear error and will affirm the finding as long as it is plausible in light of the record as a whole. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). A district court may determine drug amounts for sentencing purposes provided the finding is based upon reliable evidence, such as the PSR. *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). In arriving at a drug quantity, the court may also rely upon information provided by codefendants and witnesses, including uncorroborated hearsay, if the information has the minimum indicia of reliability. *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996); *United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992).

Moskowitz has not established that the district court clearly erred in its quantity finding. The description in the PSR of Moskowitz's activities, which was derived from statements by his codefendants, supported that he possessed 737.1 grams of methamphetamine or otherwise was responsible for a quantity that qualified him for the base offense level applied by the district court. *See Gaytan*, 74 F.3d at 558; *Shipley*, 963 F.2d at 59; U.S.S.G. § 2D1.1(c)(5). These statements, as well as testimony presented at sentencing from Special Agent Brian Finney and Moskowitz's own acknowledgements in his proffer interview with law enforcement agents, reflected that Moskowitz engaged in numerous, multi-ounce transactions with members of a drug-trafficking organization and that the quantity of methamphetamine involved in the exchanges totaled more than 500 and less than 1,500 grams. *See* § 2D1.1(c)(5). Moskowitz failed to rebut this evidence, and his assertion that his codefendants' statements should not be credited because they include hearsay is unavailing. *See United States*

*v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012); *Gaytan*, 74 F.3d at 558; *Shipley*, 963 F.2d at 59. The sole evidence that Moskowitz presented in response to the PSR was his testimony at sentencing that he was accountable only for 126 grams of methamphetamine. However, the district court determined that this testimony was not credible and credited the contrary evidence supporting that Moskowitz was responsible for 737.1 grams of methamphetamine; we will not disturb the district court's credibility finding. *See United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996).

Accordingly, the judgment of the district court is AFFIRMED.