# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50823
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevin Roney Rodriguez-Sauceda,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-1945-2

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kevin Roney Rodriguez-Sauceda appeals the 78-month sentence imposed following his guilty plea conviction for assaulting, resisting, opposing, or impeding a United States Border Patrol (USBP) agent engaged in his official duties, in violation of 18 U.S.C. § 111(a)(1), (b). Rodriguez-Sauceda argues that district court erred by (1) concluding that his base

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

offense level was 14 under U.S.S.G. § 2A2.2, (2) enhancing his offense level by six levels pursuant to U.S.S.G. § 3A1.2(c)(1), and (3) not applying a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Blanco*, 27 F.4th 375, 382 (5th Cir. 2022). There is no clear error if a factual finding is plausible in light of the record as a whole. *Id.* We will conclude that a finding of fact is clearly erroneous only if a review of all the evidence leaves us "with the definite and firm conviction that a mistake has been committed." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (internal quotation marks and citation omitted). A sentencing court's determination of acceptance of responsibility is reviewed with even more deference than is due under a clearly erroneous standard because the sentencing judge is in a unique position to assess the defendant's acceptance of responsibility and true remorse. *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005); § 3E1.1 cmt. n.5. Therefore, we will affirm unless the district court's denial of the reduction is without foundation. *United States v. Leontaritis*, 977 F.3d 447, 453 (5th Cir. 2020).

According to Rodriguez-Sauceda, the district court erred in applying the aggravated assault guideline, § 2A2.2, because his conduct did not meet the definition of an aggravated assault. He specifically asserts that there was no evidence that he used a dangerous weapon with the intent to cause bodily injury. He contends that although he had a knife, he intended only to scare the USBP agent. The unrebutted evidence in the presentence report (PSR) establishes otherwise. According to the PSR, which generally bears sufficient indicia of reliability to be considered evidence, *see United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012), Rodriguez-Sauceda, after already having been involved in a physical altercation with the agent, brandished a knife and advanced towards the agent in a threatening manner, causing the agent to fear

for his life. In addition, according to the stipulation of facts, Rodriguez-Sauceda admitted that he knowingly and intentionally assaulted the agent who was performing his official duties and that the actions involved physical contact and the use of a deadly weapon. The district court's factual findings are plausible in light of the record as a whole. *See Blanco*, 27 F.4th at 382; § 2A2.2 cmt. n.1.

Rodriguez-Sauceda also asserts that the district court erred in applying an enhancement pursuant to § 3A1.2(c)(1), noting, in particular, that the district court did not make the required finding that he had the specific intent to injure the agent or find that the case involved a substantial risk of serious bodily injury. Section 2A2.2 mandates a two-level increase when a defendant, like Rodriguez-Sauceda, was convicted under § 111(b). *See* § 2A2.2(b)(7). The commentary to § 2A2.2 further states that "[i]f subsection (b)(7) applies, § 3A1.2 (Official Victim) also shall apply." § 2A2.2 cmt. n.4. Section 3A1.2(c)(1) allows for a six-level victim-related adjustment, "[i]f in a manner creating a substantial risk of serious bodily injury, the defendant or a person for whose conduct the defendant is otherwise accountable," knowing that the victim was a law enforcement official, "assaulted such officer during the course of the offense or immediate flight therefrom." The enhancement is applicable in "circumstances tantamount to aggravated assault." § 3A1.2 cmt. n.4(A). As demonstrated in the preceding discussion regarding the application of § 2A2.2, the circumstances surrounding the offense were "tantamount to aggravated assault." § 3A1.2 cmt. n.4(A). Therefore, the § 3A1.2(c)(1) enhancement was applicable, and the district court did not clearly err. *Blanco*, 27 F.4th at 382; *Rodriguez*, 630 F.3d at 380; *see also* § 2A2.2 cmt. n.4.

In his final argument, Rodriguez-Sauceda asserts that the district court erred in denying him a reduction for acceptance of responsibility because he demonstrated the requisite contrition by pleading guilty and

admitting all of the essential elements of the offense. Section 3E1.1(a) provides for a two-level decrease in the defendant's offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Merely entering a guilty plea "does not entitle a defendant to a sentencing reduction for acceptance of responsibility as a matter of right." *United States v. Shipley*, 963 F.2d 56, 58 (5th Cir. 1992); *see* § 3E1.1 cmt. n.3. Here, despite entering a guilty plea, Rodriguez-Sauceda denied committing the charged offense in a presentence interview. The denial of a § 3E1.1 reduction was not without foundation. *See Leontaritis*, 977 F.3d at 453.

AFFIRMED.