United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2003**

Charles R. Fulbruge III
Clerk

REVISED DECEMBER 19, 2003

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30152

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERONA L. JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before DeMOSS, DENNIS and PRADO, Circuit Judges.

PRADO, Circuit Judge.

The above numbered and styled appeal arose from the sentencing of the appellant, Verona L. Johnson (Johnson), for being a felon in possession of a firearm.  In this appeal, Johnson challenges a two-level enhancement for obstruction of justice.

**Background of the Appeal**

Johnson was indicted for being a felon in possession after police officers from the Shreveport Police Department responded to a call about a domestic disturbance at Johnson's home.  When

1

the officers arrived, the person who placed the call had left the house, but someone outside the house told the officers that Johnson had threatened her with a gun. The officers went to Johnson's home and told Johnson they were looking for a firearm and asked to search the house. Johnson consented to the search. During the search, the officers found two 9mm rounds on a dresser and a firearm between the mattress and box spring of a bed.

During trial, Johnson's twin sister testified that she had placed the firearm in a gun case between the mattress and the box spring, but that she had not left any bullets outside the case. A rebuttal witness, however, testified that Johnson's twin sister told her that she was going to take the blame for Johnson's gun charge. Although Johnson testified she did not know the firearm was in the house, a jury convicted her of being a felon in possession of a firearm.

At sentencing, Johnson objected to the probation officer's recommendation for a two-level enhancement for obstruction of justice. The trial judge indicated he believed the sister perjured herself and that Johnson knew her sister lied. Based on that belief, the district court granted the Government's motion for a two-level enhancement for obstruction of justice and sentenced Johnson to 41 months in prison. Johnson challenges the enhancement in this appeal.

**Standard of Review for an Enhancement**

2

This Court ordinarily reviews an enhancement based on an obstruction of justice for clear error. *See United States v. Graves*, 5 F.3d 1546, 1555 (5th Cir. 1993). To satisfy the clear error test, the district court's finding of obstructive conduct must be plausible in light of the record as a whole. *See United States v. Edwards*, 303 F.3d 606, 645 (5th Cir. 2002). This appeal, however, presents a question about the applicable standard of review.

**Enhancement Based on Obstruction of Justice**

On appeal, Johnson maintains the district erred because the court's finding that Johnson knew about her sister's perjury is insufficient to support the obstruction of justice adjustment. Johnson argues that mere knowledge of the falsity of a witness's testimony is not enough to justify the enhancement. In addition, Johnson maintains that no evidence exists that Johnson procured her sister's testimony.

Section 3C1.1 of the Sentencing Guidelines authorizes a two-level enhancement if

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense....

Suborning perjury is one type of obstructive conduct contemplated by the drafters of this section. *See* U.S.S.G. §§ 3C1.1 app. note

3

4(b).

If a defendant objects to a sentence enhancement based on perjured testimony, the "'district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition . . . .'" *United States v. Storm*, 36 F.3d 1289, 1295 (quoting *United States v. Dunnigan*, 113 S. Ct. 1111, 1117 (1993)). "When the district court is making such a finding, the preferable practice is to address each element of the alleged perjury in a separate and clear finding. The finding is sufficient, however, if the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." *Storm*, 36 F.3d at 1295.

**Whether the District Court's Findings Are Adequate**

In this case, the presentence report (PSR) recommended adjusting Johnson's offense level because Johnson solicited her sister's assistance to testify that the firearm belonged to the sister. The recommendation was based on the inconsistencies between the testimonies of Johnson's sister and the Government's rebuttal witness. Johnson objected to the recommendation on the basis that her sister's testimony was truthful, and alternatively, that even if her sister's testimony was untruthful, Johnson had no knowledge of its falsity. Because

4

Johnson objected, the district court was required to make independent findings necessary to establish an obstruction of justice. *See Storm*, 36 F.3d 1289, 1295. Because the district court's judgment implies an enhancement based on subornation of perjury, the first question this Court must answer is whether the district court's findings encompassed all the factual predicates for finding Johnson suborned perjury.

"A witness testifying under oath or affirmation [commits perjury] if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Subornation occurs whenever the defendant "procures another to commit any perjury." 18 U.S.C. § 1622. *United States v. Dunnigan*, 113 S. Ct. 1111, 1116 (1993). Thus, to be adequate, the district court's findings must identify false testimony concerning a material matter, indicate the witness testified with willful intent to provide false testimony, and indicate the defendant procured the witness's testimony. The district court, however, did not make these explicit findings.

At sentencing, the trial judge advised Johnson's attorney, "I heard the evidence in trial, so I'm going to put the ball in your court, because as of right now I firmly believe that – not firmly, but I believe that the sister came in here and lied and did it with your client's knowledge. So it's up to you."

5

Johnson's attorney then asked for a recess to confer with his client.  After conferring with Johnson, the attorney advised the trial judge that "we believe it would not accomplish anything, though the sister is present today to put [sic] on the stand and basically just have her say that she told the truth before, so we have no evidence to adduce regarding that remark."  The trial judge accepted the attorney's explanation and stated, "[s]o we won't run into any perjury problems from anybody from anything that is done today.  Suffice it to say I heard the evidence and I believe that the obstruction occurred."  Notably, the trial judge did not identify the false testimony, identify a material issue, find that the sister testified with willful intent, or find that Johnson procured her sister's false testimony.  As a result, the district court's findings are not adequate because they do not encompass the factual predicates for suborning perjury.[1]

**The Remedy When the District Court's Findings Are Inadequate**

Although Johnson's attorney objected to the enhancement, the attorney did not make a specific objection about the adequacy of the district court's findings.  This Court has not addressed the standard of review for this situation.  Previously, however, the

---

[1]The district court's statement in regard to Johnson's sister probably referred to the testimony that the sister placed the firearm in Johnson's house, but the district court did not make such an explicit finding. Likewise, the district court's statement about Johnson's knowledge of the falsity of her sister's testimony infers the district court found that Johnson asked her sister to testify that she placed the firearm in the house, but again the district court did not make such an explicit finding.

6

Court considered a somewhat similar case and determined that the case should be remanded.

In *United States v. Humphrey*, 7 F.3d 1186 (5th Cir. 1993), the Government asked for a sentence enhancement under section 3C1.1 on grounds that the defendant perjured himself. The district court denied the motion, but failed to make a finding about whether the defendant committed perjury. On appeal, the Government complained that the district court failed to make a finding about whether the defendant committed perjury. Although the *Humphrey* opinion does not indicate whether the Government made this specific objection at trial, this Court observed that the section 3C1.1 enhancement is mandatory, and determined it had no basis for ascertaining whether the district court erred because the district court had not indicated whether it had found the defendant committed perjury about a material issue or whether the court simply refused to apply the enhancement. Left without a basis for considering the propriety of the district court's ruling, the Court vacated the defendant's sentence and remanded the case to the district court for a specific finding of whether the defendant committed perjury.

Like the district court in *Humphrey*, the district court failed to make a finding that Johnson procured her sister's testimony. Instead, the district court simply found that Johnson's sister lied and that Johnson knew her sister lied.

7

With only those findings, this Court cannot determine whether the district court found the sister lied about a material issue and whether the district court found Johnson procured her sister's testimony. Because it was the district court's duty in the first instance to make the findings in support of the enhancement, it is appropriate to vacate Johnson's sentence and remand the case for specific findings.[2] As a result, this Court VACATES Johnson's sentence and REMANDS this case to the district court. If, on remand, the district court finds Johnson's sister wilfully lied about a material issue and that Johnson procured her sister's false testimony, and imposes the enhancement, the Court would review a second challenge under the clear-error standard. SENTENCE VACATED AND CASE REMANDED.

---

[2] The United States Court of Appeals for the Seventh Circuit addressed a similar situation in *United States v. Holman*, 314 F.3d 837, 846 (7th Cir. 2002), and applied the plain-error standard. Under the plain-error analysis, the court of appeals may only reverse when: (1) there was an error, (2) the error was clear and obvious, and (3) the error affected the defendant's substantial rights. *See United States v. Hayes*, 342 F.3d 385, 388 (5th Cir. 2003); FED. R. CRIM. P. 52(b). As here, the attorney in *Holman* objected to the section 3C1.1 enhancement, but did not object to the findings of fact made during the sentencing hearing. On appeal, the defendant complained that the district court failed to make proper findings. As a result, the court of appeals applied the plain-error standard and determined the district court's findings were adequate. Although plain-error departs from the clear-error standard ordinarily applied to enhancements based on obstruction of justice, applying the plain-error would be consistent with the way this Court ordinarily reviews unobjected-to error. This approach is not appropriate, however, because Johnson does not complain on appeal about the specificity of the district court's findings and because the district court's findings are not adequate.