United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 05-30248

———————


UNITED STATES of AMERICA,

                                        Plaintiff-Appellee,

                        v.

SHAWN DECAREAUX KILGARLIN,

                                        Defendant-Appellant.


———————————————————————

Appeal from the United States District Court for the
Middle District of Louisiana
No. 3:02-cr-00007

———————————————————————


Before BENAVIDES, STEWART, and OWEN, Circuit Judges.


PER CURIAM:[*]

    Appellant, Shawn Decareaux Kilgarlin, appeals her guidelines

sentence imposed based upon convictions for mail fraud (18 U.S.C.

§§ 1341 and 1346) and obstruction of justice (18 U.S.C. § 1503).

Also, for the first time on appeal, Appellant argues that the mail

fraud statute was unconstitutional as applied in her case.  After

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewing the record, we find no reversible error and affirm.

Appellant owned and operated Enviro-Comp Laboratories, Inc., a Louisiana corporation that conducted, among other things, drug testing. Anderson Industrial Scaffolding Services, Inc., (AIS) sent two employees to Enviro-Comp to have blood drawn for a random drug test. Appellant did not have the specimens tested but nonetheless mailed a $17 invoice to AIS. AIS paid the bill my mailing a check to Enviro-Comp. While Appellant was on release awaiting sentencing for other convictions, she fabricated several documents and forms purporting to show that the above-referenced specimens had been tested and provided these documents to the grand jury. The false documents provided to the grand jury formed the basis of an obstruction of justice charge in the instant case. As set forth below, she was also charged with two mail fraud counts.

Appellant was charged by grand jury indictment with (1) devising a scheme to defraud in violation of the mail fraud statute, (2) causing AIS to mail a check as payment for the purported drug testing in violation of the mail fraud statute, and (3) obstructing justice based on fabricating the documents given to the grand jury. At trial, Appellant called only one witness, who testified that Appellant physically retrieved the check from AIS instead of causing it to be mailed as charged in count two of the indictment. The jury acquitted Appellant of count two and convicted her of the two remaining counts. Subsequent to the Supreme Court's decision in

2

*United States v. Booker*, 125 S. Ct. 738, 765 (2005), the district court sentenced Appellant to a guidelines sentence of 46 months.

## I. Sentencing Challenges

### A. § 3C1.1

Appellant argues that the district court erred in assessing a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based on the finding that she had suborned the perjury of Cherie Courtney, the sole defense witness. Courtney was a former employee of AIS. The crux of Courtney's testimony was that Appellant had physically retrieved the check from AIS instead of causing it to be mailed as charged in count two of the indictment.

Appellant asserts that there is insufficient evidence to support the findings. This Court reviews a finding of obstruction of justice for clear error. *United States v. Holmes,* 406 F.3d 337, 363 (5th Cir. 2005). This Court has explained that to be adequate a district court's findings "must identify false testimony concerning a material matter, indicate the witness testified with willful intent to provide false testimony, and indicate the defendant procured the witness's testimony." *United States v. Johnson,* 352 F.3d 146, 148 (5th Cir. 2003).[1]

---

[1] Appellant asserts that the district court made inadequate findings to support the enhancement. The district court adopted the findings in the Presentence Report (PSR), which provided that "Courtney admitted to Agent McDowell that it was an intentionally untruthful statement that Ms. Kilgarlin picked up a $17 check."

Appellant asserts that the evidence is insufficient to support the findings, claiming that the "record is unclear . . . whether such testimony was perjurious as opposed to simply inaccurate." Contrary to Appellant's assertion, there is evidence that Courtney admitted to Agent McDowell that it was an intentionally untruthful statement that Appellant picked up the check. Courtney explained to Agent McDowell that she lied in her testimony about Appellant picking up the check because she believed that Appellant was innocent and that both Appellant and her attorney had insinuated that such testimony was necessary to exonerate Appellant. Thus, the district court had sufficient evidence to conclude that the testimony was perjured.

Appellant further asserts that there was no evidence that she played any role in suborning the perjury. She contends that "nowhere in the testimony of McDowell or in his reports is there any indication that Kilgarlin attempted to influence Courtney in any way to testify falsely." However, at Appellant's bond hearing, Agent McDowell testified that Courtney admitted to him that Appellant contacted her the week prior to trial and "insinuated that the

_____

Thus, the district court made the requisite finding that the testimony was false. Further, it appears undisputed that the testimony was material. In any event, the district court found that Courtney's false testimony resulted in Appellant's acquittal of count two, which constitutes a finding of materiality. Also, as Appellant admits, the district court found that she procured Courtney's false testimony. Accordingly, the district court's findings encompass all the factual predicates for a finding of suborning perjury and thus are adequate to support the enhancement.

evidence that they needed to present to the court was that she actually came and picked up the check, versus the check being sent through the mail." The evidence is sufficient to support the finding that Appellant procured Courtney's testimony.

Finally, in a footnote, Appellant argues that because the perjured testimony involved only a mail fraud count (of which she was acquitted), the district court erred in applying this enhancement to the sentence for the obstruction of justice conviction. Prior to the time of Appellant's offense, the Sentencing Commission amended § 3C1.1 by clarifying that the "obstruction must relate either to the defendant's offense of conviction (including any relevant conduct) or to a closely related case." U.S.S.G. Manual, Appendix C, amend. 581 (Nov. 1, 1998). Here, the § 3C1.1 enhancement based upon Appellant's suborning Courtney's testimony was related to her obstruction of justice conviction. Appellant is not entitled to relief with respect to this issue.

## B. § 2J1.2

Appellant was convicted of obstruction of justice for fabricating documents she provided to the grand jury in violation of 18 U.S.C. § 1503. She contends that the three-level enhancement for substantial interference with the administration of justice pursuant to § 2J1.2 for fabricating documents constitutes double counting. However, double counting is not prohibited unless the

guideline in question forbids it. *See United States v. Box,* 50 F.3d 345, 359 (5th Cir. 1995). As explained by the Sixth Circuit, § 2J1.2 simply "increases the punishment for a defendant who obstructs justice when such obstruction has negative consequences." *United States v. Tackett,* 193 F.3d 880, 886 n.3 (6th Cir. 1999). Here, the government contends the substantial expenditure of government and court resources constituted the negative consequences. *See* § 2J1.2, comment. (n.1).

The crux of the instant issue is whether the district court clearly erred in finding that *substantial* resources were expended because of Appellant's falsification of documents. In support of its contention that the expenditure was substantial, the government asserts that the fabricated documents appeared legitimate on their face and that the agents had to learn Enviro-Comp Laboratories's chain of custody procedures for the specimens as well as the operating procedures of lab and computer equipment, including the Hitachi 717. The PSR provided that:

> Ms. Kilgarlin falsified numerous documents that she provided to a federal grand jury in an effort to conceal her actions. The defendant attempted to obstruct the grand jury's investigation of this offense by providing the grand jury with a variety of documents which reflect that the drug tests were actually performed. Numerous documents were provided which were printed on the standard company forms and appear on their face to be legitimate. *Indeed, the false nature of these documents becomes apparent only after analyzing the documents and comparing the story told through the documents with other evidence, such as standard company procedure and witness testimony.*

(emphasis added). As previously noted, the district court adopted the findings in the PSR.

At sentencing, Appellant objected to this enhancement, arguing that there had not been a substantial expenditure of time and resources by the government. In response, the district court found as follows:

> I think the government's position is well-taken that this is not your garden variety obstruction, even though the substantial interference—even though Ms. Kilgarlin has already been convicted of obstruction. This was a fairly complicated case in terms of the documents that were presented to and otherwise falsified and presented to the grand jury. And again it was done by Ms. Kilgarlin.
>
> And as Ms. Jones [the prosecutor] properly noted, because of the nature of the case this was not something that you could just pick up a document and look at it and say, oh, this is false. It required people who knew this business and the procedures employed in this business and the documents used in this business to look at the stuff and say, well, this is not what it purports to be.
>
> So the government did have to go through some additional investigation, and trouble, expense, use of time and resources in order to unravel the webs created by Ms. Kilgarlin.

Although the court did not use the precise phrase "substantial expenditure," the above findings, which were in response to defense counsel's argument that the expenditure of resources was not substantial, clearly indicate that the court did find a substantial expenditure. A review of the record indicates that the agents of the Environmental Protection Agency did have to conduct further investigation regarding the chain of custody procedures and the

7

computer and lab equipment to prove the documents had been fabricated. Likewise, the trial was lengthened by demonstrating the fruits of this additional investigation to the jury. We note that, in the context of addressing a similar guideline enhancement for perjury, § 2J1.3, this Court has concluded that "where a defendant actively conceals important evidence of which [he or] she is the only source, a court may infer that the defendant's interference with the administration of justice was substantial." *United States v. Norris,* 217 F.3d 262, 274 (5th Cir. 2000) (internal quotation marks and citation omitted) (brackets in opinion). In the instant case, to the extent that Appellant was the only source of the information she was concealing, we may infer that the interference with the administration of justice was substantial. Under these circumstances, we are not persuaded that the district court clearly erred in finding that Appellant's fabrication of documents caused unnecessary expenditure of substantial government and court resources.[2]

---

[2] In a footnote, Appellant cites authority from other circuits indicating that the "substantial interference" must be with respect to an offense other than the obstruction of justice conviction. We note that the cases cited involve substantial interference in the context of § 2J1.3 (an enhancement for perjury), not the instant guideline, § 2J1.2 (obstruction of justice). Although the instant question has been raised before this Court in the context of § 2J1.2, ultimately we did not find it necessary to decide the issue. *United States v. Harrington,* 82 F.3d 83, 87 n.1 (5th Cir. 1996). Nonetheless, we noted that we had rejected that argument in the context of § 3C1.1 and such an argument in the context of § 2J1.2 was "less persuasive than [the] rejected argument." *Id. But cf. Norris,* 217 F.3d at 273

### C. § 2F1.1(b)(2)(A)

Appellant argues that the district court erred in assessing a two-level enhancement for more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A).[3] The government does not respond to this claim on the merits; instead, it replies that any error is harmless. Thus, we will assume without deciding that this enhancement was error.

This Court has recognized "that the finding of an incorrect application of the Guidelines shifts the burden to the proponent of the sentence—whether that be the defendant or the government—to persuade the court of appeals that the district court would have imposed the same sentence absent the erroneous factor." *United*

---

(concluding that the "expenses incurred with the investigation and prosecution of [the] instant perjury offenses may not form the sole basis for applying section 2J1.3(b)(2)'s enhancement"). Moreover, we opined that "[a]s a practical matter, it would seem that in most cases the investigation of the underlying offense and of the obstruction charge would be almost inextricably related." *Id.* at 86-87. In the case at bar, the resources spent investigating the fabricated documents were inextricably related to proving the offense of the scheme of mail fraud, which was count one of the indictment. Thus, even assuming that § 2J1.2 requires the substantial interference to be with respect to an offense other than the obstruction of justice conviction, such a requirement would be satisfied in this case.

[3] It should be noted that this enhancement was deleted by consolidation with § 2B1.1 effective November 1, 2001. U.S.S.G. Manual app. C 617 (2003). The PSR indicates that the 2000 edition of the Guidelines Manual was used because it was "less onerous than the November 1, 2003 Guidelines Manual," which was in effect at the time of sentencing. *See also United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999) (explaining that a district court must use the sentencing guidelines in effect at the time of sentencing unless it would violate the Ex Post Facto Clause).

*States v. Tello,* 9 F.3d 1119, 1129 (5th Cir. 1993) (citation, brackets, and internal quotation marks omitted). As the government asserts, the PSR grouped the convictions for mail fraud and obstruction of justice pursuant to U.S.S.G. § 3D1.2(c). Accordingly, the PSR determined the offense level based on the obstruction of justice conviction because it was "the more serious offense." In other words, the obstruction of justice offense level was higher than the mail fraud offense level. Thus, even assuming the two-point enhancement of the mail fraud offense constituted error, it did not affect Appellant's sentencing guideline range because it was determined without reference to the mail fraud offense. The sentencing range remains the same with or without the enhancement.

After reviewing the record, we are convinced that the error was harmless. Immediately prior to pronouncing sentence, the district court addressed Appellant as follows:

> This is your second felony conviction. The conduct committed in this offense is, for all practical purposes, the same criminal conduct that you engaged in in your first conviction, fraudulent conduct and obstructive conduct, seeking to cover up and allow you to escape punishment for your crimes. I see no indication in anything that I have looked at that you have any degree of remorse for anything that you have done. It appears to the court that you are a manipulative person who is able to, at least in these last two cases, you have been able to get other persons to commit serious criminal offenses to assist you to escape responsibility for what you have done.
>
> Information was provided by Ms. Fournet [defense counsel] in the form of a sentencing memorandum which

10

also contained references to a substance abuse problem. There were tests and evaluations by Dr. Farina, if I recall correctly. I looked at that. And I couldn't help but note that this information is completely at odds with the prior evaluations in the first presentence report. It's completely at odds with the information that you provided to the probation officer in this report regarding the existence of any substance abuse problem. Again, the court views that as manipulative conduct.

. . . For all of these reasons, *the court is strongly tempted to impose what, if the guidelines were mandatory, what would be an upward departure.* Stated quite frankly, Ms. Kilgarlin, *I'm strongly tempted, and I think the circumstances warrant the imposition of a maximum sentence, because prior half steps have not worked.*

You were convicted of this same conduct before Judge Parker. And Judge Parker gave you the benefit of a break; gave you the benefit of probation. You took advantage of that by committing this offense while you were on release for the offense that Judge Parker sentenced you for.

. . . .

I am not going to impose a maximum sentence, but *I am going to sentence at what would have been the upper end of the guidelines range had they been mandatory in this case.* I have considered the sentencing guidelines. I have considered the sentencing factors . . . . I have considered the circumstances of this offense. And for the reasons I have just indicated, the court feels that the following sentence is appropriate.

(emphasis added).

The district court's comments just prior to imposing the sentence demonstrate that the court would have imposed the same sentence absent the erroneous enhancement. *Tello,* 9 F.3d at 1129. Any error in this enhancement did not affect the sentence and was

harmless.

**D.  *Booker* Reasonableness**

Appellant contends that regardless of whether her 46-month sentence was calculated appropriately under the guidelines, it is unreasonable in light of the factors enumerated in section 3553(a). *See United States v. Booker*, 125 S. Ct. 738, 765 (2005).[4]  She argues that there are numerous reasons why the court should have exercised its discretion to impose a sentence below the calculated range.  She asserts, among other things, that the billing involved in the mail fraud was only $17, that the company suffered no loss from her conduct, that her son was two years old, and that she suffered from physical and emotional problems.

In this case, the district court sentenced Appellant within the correct guidelines range.[5]  "Given the deference due the sentencing judge's discretion under the [*Booker*] regime, it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S.Ct. 43 (2005).  Appellant has not shown that her circumstances are

---

[4]  Appellant recognizes that this Court has concluded that *Booker* did not alter the standard of review to determine whether the district court properly interpreted and applied the guidelines. *See United States v. Creech,* 408 F.3d 264, 270 n.2 (5th Cir. 2005). She apparently raises it to preserve it for further review.

[5]  As previously discussed, although there may have been error in calculating the mail fraud offense level, that did not change the ultimate sentencing range for the grouping of the offenses.

"rare." Moreover, in view of Appellant's subornation of perjury during the instant trial and her prior convictions for making a material false statement and witness tampering, she has failed to demonstrate that her *post-Booker* guidelines sentence was unreasonable.[6]

## II.  Constitutionality of Mail Fraud Statute as Applied

Appellant admits that she raises for the first time on appeal the claim that the mail fraud statute, 18 U.S.C. §§ 1341 and 1346, was unconstitutional as applied to an independent contractor and that therefore it is reviewed for plain error. *See United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770 (1993). We have found no authority holding that the mail fraud statute is unconstitutional as applied to an independent contractor. To the contrary, the Eighth Circuit has expressly rejected the argument that the mail

---

[6] Appellant also argues that *Booker* afforded the sentencing court discretion to depart downward from the guidelines. In a footnote, Appellant mentions that she requested in the district court a downward departure under §5K2.0(3), which involves departures based on circumstances present to a degree not adequately taken into consideration in the guidelines. To the extent that Appellant is challenging the district court's refusal to downwardly depart, this Court does not have jurisdiction to review a district court's refusal to grant a downward departure from the guidelines unless the refusal was based on the sentencing court's erroneous belief that it lacked the authority to depart. *United States v. Buck,* 324 F.3d 786, 797 (5th Cir. 2003). Appellant makes no such allegation.  *Booker* does not affect this holding.  *See e.g., United States v. Puckett,* 422 F.3d 340, 345 (6th Cir. 2005); *United States v. Frokjer,* 415 F.3d 865, 874-75 (8th Cir. 2005).

fraud statute requires the breach of a fiduciary duty. *United States v. Ervasti,* 201 F.3d 1029, 1036 (8th Cir. 2000). Further, Appellant's reliance on *United States v. Brumley,* 116 F.3d 728 (5th Cir. 1997), is misplaced.[7] Accordingly, even assuming that the statute was unconstitutional as applied to Appellant, which we doubt, such error would not be plain. Having failed to demonstrate plain error, Appellant is not entitled to relief.[8]

The district court's judgment is AFFIRMED.

---

[7] Unlike the case at bar, this Court was not faced with an independent contractor scenario; instead, the argument urged by the appellant in *Brumley* was that neither the plain language of § 1346 nor its legislative history expanded the types of victims protected by the statute to include a state employer. 116 F.3d at 730. Ultimately, this Court rejected Brumley's claims and found the statute constitutional. *Id.*

[8] Appellant also raises for the first time on appeal the claim that her conduct lacked sufficient nexus with interstate commerce in violation of the Commerce Clause. Assuming that this issue has been adequately raised in the original brief, Appellant has not cited a case in which application of the mail fraud statute was unconstitutional under the Commerce Clause. Moreover, this Court expressly rejected the argument that the Commerce Clause does not support § 1346. *Brumley,* 116 F.3d at 730. Appellant cannot show error, much less plain error.

14