# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2012

Lyle W. Cayce
Clerk

No. 11-51042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CAMERAN ARNOLD FLANAGAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-29-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cameran Arnold Flanagan pleaded guilty to aiding and abetting possession with intent to distribute cocaine and possession of a firearm by a convicted felon. *See* 18 U.S.C. §§ 2, 922(g)(1), 924(a)(2); 21 U.S.C. § 841(a)(1), (b)(1)(C). Flanagan was sentenced to 120 months of imprisonment and three years of supervised release on each count to run concurrently. Flanagan contends that the district court clearly erred in imposing an enhancement for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obstruction of justice under U.S.S.G. § 3C1.1 and in determining the drug quantity under § 2D1.1.

Section 3C1.1 of the Sentencing Guidelines provides for a two-level enhancement if the defendant willfully attempted to obstruct or impede the administration of justice by, inter alia, attempting to commit perjury in a codefendant's case. § 3C1.1 & cmt. n.1 & n.4(B). Perjury for purposes of § 3C1.1 is defined as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). "[A] finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury" is sufficient. *Id.* at 95.

Flanagan challenges two aspects of the enhancement for obstruction of justice: whether the district court made the predicate factual findings of attempted perjury and whether the evidence supported the enhancement. Flanagan's challenge to the adequacy of the district court's findings is reviewed for plain error because this challenge is raised for the first time on appeal. *Cf. United States v. Johnson*, 352 F.3d 146, 150 n.2 (5th Cir. 2003). His challenge to the application of the enhancement based on his conduct was presented to the district court and is, therefore, reviewed for clear error. *See United States v. Powers*, 168 F.3d 741, 752 (5th Cir. 1999).

The district court adopted the presentence report (PSR), making the factual findings in the PSR the findings of the district court. *See United States v. Cabral-Castillo*, 35 F.3d 182, 186 (5th Cir. 1994). The PSR concluded that Flanagan obstructed justice by conspiring to lie about his codefendant's conduct. Implicit in this finding, was the finding that Flanagan planned to exculpate his codefendant by falsely testifying that she was unaware of Flanagan's unlawful conduct. *See id.* at 187. Although there was no explicit finding that Flanagan's intended testimony was material, Flanagan's testimony that his codefendant had no knowledge of his unlawful conduct was material as it tended to exculpate

her. *See id.* Accordingly, the district court's findings respecting Flanagan's attempted perjury were sufficient, and Flanagan has failed to demonstrate error, much less plain error, in this respect.

Flanagan stated that he and his codefendant needed to coordinate and that he would give the testimony that he said he would. His codefendant stated that Flanagan should testify that she was unaware of his unlawful conduct. These statements could plausibly be read as an attempt by Flanagan to falsely exculpate his codefendant. *See United States v. Anderson*, 560 F.3d 275, 283-84 (5th Cir. 2009). Therefore, the district court's finding that Flanagan obstructed justice by attempting to commit perjury in his codefendant's case was plausible in light of the record as a whole and not clearly erroneous. *See Powers*, 168 F.3d at 752.

In determining a defendant's base offense level under § 2D1.1, a district court may consider the defendant's relevant conduct. §§ 1B1.3(a), 2D1.1 cmt. 12. The district court attributed an additional 1,347 grams of cocaine based on the cocaine sales documented in pages two, three, five, and six of a drug ledger. The district court committed an arithmetic error at sentencing in calculating this quantity of cocaine. However, as explained below, the arithmetic error was harmless.

The district court's finding that the ledger documented cocaine sales was supported by the testimony of a case agent. The agent's testimony was corroborated by Flanagan's admission that he possessed the cocaine found in the apartment and by the evidence of drug distribution paraphernalia, digital scales with cocaine residue, found in the same room as the ledger. Therefore, the agent's testimony bore sufficient indicia of reliability to support the district court's determination of the drug quantity. *See United States v. Nava*, 624 F.3d 226, 231-32 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2945 (2011). Although the ledger did not indicate whether the recorded transactions fell within the time period of the charged offense, "drug transactions occurring before the precise

time frame of the conspiracy for which a defendant is convicted may be considered for sentencing purposes if those transactions otherwise satisfy the criteria for relevant conduct prescribed by the guidelines." *United States v. McCaskey*, 9 F.3d 368, 375 (5th Cir. 1993).

Flanagan specifically challenges the district court's use of pages three, five, and six of the ledger but neglects to specifically challenge page two of the ledger. For the reasons set forth previously, Flanagan has failed to show that the district court clearly erred by attributing cocaine based on the cocaine sales documented in page two of the ledger. The quantity of cocaine on page two, 392 grams, when added to the amount in the PSR, 371.73 grams, totals 763.73 grams. This total quantity of cocaine, 763.73 grams, yields a base offense level of 26 for more than 500 grams but less than two kilograms of cocaine. *See* § 2D1.1(c)(7). The district court calculated the same base offense level. Therefore, any error by the district court in attributing additional cocaine to Flanagan based on pages three, five, and six of the ledger was harmless. *See United States v. Solis*, 299 F.3d 420, 462 (5th Cir. 2002).

The judgment of the district court is AFFIRMED.