# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2013

No. 12-40679
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO GARIBALDI-IBANES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1758-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sergio Garibaldi-Ibanes pleaded guilty pursuant to a plea agreement to possession with intent to distribute 100 kilograms or more of marijuana. He was sentenced to 51 months of imprisonment and a three-year term of supervised release. Garibaldi-Ibanes contends that the district court erred by imposing an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based upon the determination that he testified falsely at an evidentiary hearing on his motion to withdraw his guilty plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3C1.1 of the Sentencing Guidelines provides for a two-level enhancement if the defendant willfully attempted to obstruct or impede the administration of justice by, inter alia, committing perjury. § 3C1.1 & cmt. n.1 & n.4(B). Perjury for purposes of § 3C1.1 is defined as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). "[A] finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury" is sufficient. *Id.* at 95.

Garibaldi-Ibanes argues that the district court's finding that he testified falsely at the hearing on the motion to withdraw his guilty plea may not justify the enhancement because there was no evidence that he intended to obstruct justice willfully. He further contends that the district court did not make the necessary predicate factual findings of perjury to uphold the enhancement. His challenge to the application of the enhancement was presented to the district court and is reviewed for clear error. *See United States v. Powers*, 168 F.3d 741, 752 (5th Cir. 1999). His challenge to the adequacy of the district court's findings is reviewed for plain error because this challenge is raised for the first time on appeal. *Cf. United States v. Johnson*, 352 F.3d 146, 149 n.2 (5th Cir. 2003).

The district court's finding that Garibaldi-Ibanes obstructed justice by testifying falsely at the hearing on his motion to withdraw his guilty plea is not clearly erroneous. *See Powers*, 168 F.3d at 752. The record contained evidence from which the district court could have found that Garibaldi-Ibanes deliberately and falsely intended to contradict evidence of his guilt, including, inter alia, his post-arrest statement to law enforcement and his averments at rearraignment, by testifying at the hearing that he lacked the required mens rea to be convicted of the offense. *See United States v. Morris*, 131 F.3d 1136, 1140 (5th Cir. 1997). The district court found that Garibaldi-Ibanes's testimony at the hearing was untruthful and that the competing evidence of his guilt was credible; the district

court's finding that the testimony at the hearing was not believable and that the contrary evidence was plausible is afforded deference by this court. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). Garibaldi-Ibanes has identified no evidence suggesting that he did not volitionally deny at the hearing that he lacked the required knowledge or that the discrepancies with regard to whether he had the necessary knowledge could reasonably be attributed to confusion, mistake, or faulty memory. *See Dunnigan*, 507 U.S. at 94. His false testimony at the hearing is adequate to merit an adjustment for obstruction of justice. *See United States v. Adam*, 296 F.3d 327, 335 (5th Cir. 2002).

The record also shows that the district court made adequate findings that Garibaldi-Ibanes committed perjury at the hearing. The district court expressly identified the false testimony and found that Garibaldi-Ibanes lied under oath. *See Morris*, 131 F.3d at 1140. The court also indicated that it had reviewed the testimony from the hearing and determined that Garibaldi-Ibanes willingly and knowingly testified falsely. The court noted that false testimony stemming from faulty memory, confusion, or mistake could mitigate a finding of perjury, but found that those circumstances were not apparent in this case. Although the district court did not expressly find that Garibaldi-Ibanes's false testimony was material, his testimony that he lacked the required knowledge to be convicted clearly implicated his guilt. *See United States v. Como*, 53 F.3d 87, 90 (5th Cir. 1995). Thus, the district court's findings regarding Garibaldi-Ibanes's perjury were sufficient, and Garibaldi-Ibanes has failed to demonstrate error, much less plain error, in this respect. *See Dunnigan*, 507 U.S. at 94.

The judgment of the district court is AFFIRMED.