# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2022

Lyle W. Cayce
Clerk

No. 21-50663
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRAVIS THOMAS, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 7:21-CR-18-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Travis Thomas, Jr., appeals his conviction and sentence for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine ("meth"), possession with intent to distribute 50 grams or more of meth, possession with intent to distribute fentanyl, possession of a firearm in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50663

furtherance of a drug-trafficking crime, and possession of a firearm as a felon. Thomas challenges an amendment to the indictment, the drug quantity calculation, and an obstruction-of-justice enhancement, and he avers that trial counsel provided ineffective assistance by failing to object to the presentence report ("PSR").

The Fifth Amendment provides the defendant the right to be tried solely on the grand jury's allegations. *Stirone v. United States*, 361 U.S. 212, 215–18 (1960). Substantive amendments to the indictment must be resubmitted to the grand jury. *United States v. Huff*, 512 F.2d 66, 69 (5th Cir. 1975).

In this case, alleging unlawful possession of "fentyl" and amending the indictment to allege "fentanyl" was an amendment of form rather than substance. *See United States v. Young Bros., Inc.*, 728 F.2d 682, 693 (5th Cir. 1984). Although there is a pharmaceutical drug called Fentyl, the record shows that this was a misnomer, as there is no evidence related to Fentyl or to an injectable form of fentanyl. Thomas was arrested while in possession of pills, and he received discovery alerting him that the pills contained fentanyl. Thomas also gave a statement that he had traded fentanyl pills, among other things, for the stolen car he was driving. He never claimed that he had prepared to meet an indictment charging him with possessing the injectable liquid form of fentanyl made in Bangladesh under the brand name Fentyl.

As for the drug-quantity finding, Thomas's statements in his police interview, which occurred after he was advised of his *Miranda* rights, are sufficiently reliable evidence of the quantity for those transactions. *See United States v. Barfield*, 941 F.3d 757, 763–64 (5th Cir. 2019). Although the lab report with the purity findings was excluded at trial as hearsay, the drug-quantity calculation may be based on reliable evidence without regard to its admissibility under the rules of evidence. *See* U.S.S.G. § 6A1.3, p.s.; *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013); *see United States v. Dinh*,

No. 21-50663

920 F.3d 307, 313 (5th Cir. 2019).

It was appropriate for the district court to extrapolate the purity level, given Thomas's admission that a man named Alex was his sole source of supply for the drugs he delivered and mailed to Franco. *See United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012). Thus, Thomas has not shown that the district court's reliance on the PSR's calculation of purity level, and its resulting determination of the amount of actual meth attributed to Thomas, was error, plain or otherwise. *See United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005).

Additionally, Thomas fails to show plain error in the imposition of a sentence enhancement for obstruction of justice. *See* U.S.S.G. § 3C1.1. His testimony at his codefendant's trial that the codefendant had no knowledge of the drugs was contradicted by his codefendant's statements to police. Thomas's testimony was relevant to the material fact of whether his codefendant had knowledge of the drugs and supports a finding that Thomas committed perjury by attempting falsely to exculpate his codefendant. *See United States v. Flanagan*, 484 F. App'x 973, 974 (5th Cir. 2012); *see* § 3C1.1, comment. (n.4(B)).

In his final issue on appeal, Thomas complains that he received ineffective assistance because his trial attorney failed to object to the drug-quantity calculation and the sentence enhancement in the PSR. Because Thomas's post-*Miranda* statements constitute sufficiently reliable evidence of the quantity, and the source of supply supports the district court's reliance on the PSR's calculation of purity, counsel was not deficient in failing to object to the amount of actual meth attributed to Thomas. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (noting that counsel does not render ineffective assistance by failing to make meritless objections). Likewise, because Thomas's attempt to exculpate his codefendant supports the en-

No. 21-50663

hancement for obstruction of justice, counsel was not deficient in failing to object to the enhancement. *See id.* Thomas has not shown that counsel was deficient in failing to object to the PSR or that he was prejudiced by such a failure. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984).

AFFIRMED.